IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNAMETAL INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1208 |
| | ) |
| HARGROVE AND ASSOCIATES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This case implicates the Court's diversity jurisdiction and involves a dispute between Kennametal, Inc. ("Kennametal"), its contractor Hargrove and Associates, Inc. ("Hargrove"), and Hargrove's sub-contractor Mid-South Testing Inc. ("MST") arising from the provision of certain services pertaining to upgrading Kennametal's cooling system and possibly moving its cooling towers used at its industrial facility. (Docket No. 1). Kennametal alleges that Hargrove subcontracted with MST to perform a ground penetrating radar ("GPR") scan to locate potentially dangerous underground obstacles such as electrical conduits, piping, or gas and oil lines that might impede the future installation of columns required to support a new pipe bridge for its cooling system. (*Id*.) MST did not identify any underground obstructions upon performing its GPR scan and therefore raised no hazard concerns related to pending excavation and drilling, yet one of MST's drill operators began blowing the drill location in preparation for drilling the first section of the excavation site when a "green fire" ensured which prompted Kennametal to evacuate all personnel from the site. (*Id*.) Kennametal contends that the fire caused nearly $500,000 in property damage. (*Id*.)

As a result of the foregoing, Kennametal asserts claims against Hargrove for breach of contract and negligence (Docket No. 1), and Hargrove filed and answer denying those claims and

1

asserts a counterclaim against Kennametal for breach of contract and third-party claims against MST for indemnity, contribution, and declaratory judgment. (Docket No. 12).  Hargrove's Answer avers thirty (30) separate defenses, including "Defense Fifteen," which states: "Kennametal failed to file the statutorily required Certificate of Merit as required under Pennsylvania Rule of Civil Procedure 1042.1, thus barring Kennametal's claims against Hargrove." (*Id.*)  Approximately a month after filing its Answer, Counterclaim and Third-Party Claims, Hargrove filed a "Notice of Intention to Enter Judgment of Non Pros for Failure to File Written Statement from an Appropriate Licensed Professional" addressed to Kennametal's counsel stating, in pertinent part, that it's counsel intends to "enter a Judgment of Non Pros against you [as to all claims in Kennametal's Complaint] after thirty (30) days of the date of filing this notice if a certificate of merit is not filed as required by [Pennsylvania Rule of Civil Procedure No.] 1042.3" (the "Notice"). (Docket No. 17).  Presently before the Court is Kennametal's Motion to Strike Hargrove's Notice of Intention to Enter Judgment of Non-Pros and to Strike Fifteenth Defense.  (Docket No. 18).  Kennametal and Hargrove have thoroughly briefed the matter.  (Docket Nos. 19, 23, 24).  For the reasons set forth herein, Kennametal's Motion will be denied.

This motion largely focuses on whether the Notice is a permissible pleading within the meaning of Federal Rule of Civil Procedure 7, whether the applicable provisions of the Pennsylvania Rules of Civil Procedure relating to certificates of merit are substantive or procedural under the *Erie* doctrine, and whether the answers to these questions necessitate striking the Notice from the record.  The Third Circuit Court of Appeals has already resolved these questions in *Schmigel v. Uchal*, 800 F.3d 113 (3d Cir. 2015) and *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258 (3d Cir 2011).

Under *Schmigel* and *Liggon-Redding*, Pennsylvania's certificate of merit and related notice requirements are substantive state law under *Erie* and therefore must be applied by this Court. Furthermore, both *Schmigel* and *Liggon-Redding* instruct that a certificate of merit is not a pleading, it is not part of the complaint, and it need not be filed with the complaint; rather, the certificate of merit and its conditions are facts that can form the basis for a motion for summary judgment. *Schmigel*, 800 F.3d at 122; *Liggon-Redding*, 659 F.3d at 263.  The Third Circuit has made clear that the Pennsylvania procedural mechanism for enforcing the certificate of merit notice requirement, which involves obtaining a judgment of *non pros*, may be accomplished in federal court by motions practice pursuant to Fed. R. Civ. P. 7 and expressly instructed that a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is the proper federal procedural vehicle for doing so. *Schmigel*, 800 F.3d at 122. Accordingly, Hargrove's Notice will not be stricken from the record.

The only remaining question is whether Hargrove's Fifteenth Defense averring that Kennametal's claims are barred for failing to file the requisite certificate of merit should be stricken. Federal Rule of Civil Procedure 12(f) governs motions to strike, stating that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Striking a pleading is a "drastic remedy" and should be used sparingly by courts, partly because of the difficulty of deciding cases without a factual record. *North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158–59 (E.D.Pa.1994). The Third Circuit has cautioned that courts "should not grant a motion to strike a defense unless the insufficiency of the defense is 'clearly apparent.'" *Cipollone v. Liggett Grp., Inc.*, 789 F.2d 181, 188 (3d Cir.1986); *see also Linker v. Custom–Bilt Mach.*, 594 F. Supp. 894, 898 (E.D.Pa.1984) ("An affirmative defense can be stricken 'only if the defense asserted could not possibly prevent recovery under any

pleaded set or inferable set of facts.'"). Thus, "[a] motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact." *Id.* (citations omitted). Even when facts are not in dispute, a motion to strike is not the appropriate procedure to determine disputed or unclear questions of law. *Id. See also U.S. ex rel. Spay v. CVS Caremark Corp.*, No. CIV. A. 09-4672, 2013 WL 1755214, at *1 (E. D. Pa. April 24, 2013).

The core dispute here is whether Kennametal's claims for breach of contract and negligence involve "consulting" or "engineering" services and whether its claims, regardless of however those services are labeled, constitute claims for professional liability as understood by Pennsylvania's substantive law requiring certificates of merit for such claims. However, whether Kennametal timely files any such certificate of merit in accordance with Pennsylvania substantive law is a question of fact, and whether Kennametal is required to do so for each of its three claims is a mixed question of law and fact.  A motion to strike is not the appropriate procedure at this preliminary juncture and under these circumstances. Accordingly, Kennametal's motion to strike Hargrove's Fifteenth Defense will be denied.

## ORDER

AND NOW this 7th day of February, 2025, Kennametal, Inc.'s Motion to Strike is hereby DENIED.  It is further ORDERED that any motions for judgment as a matter of law, filed pursuant to Fed.R.Civ.P. 56 or otherwise, shall not be filed prior to the Court's entry of a scheduling order or otherwise absent leave of court. The initial case management conference and related scheduling matters shall be established by further order of court.

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All Counsel of Record